Elias I. Yurick, Petitioner *v.* Commonwealth of Pennsylvania, Department of State, Bureau of Professional and Occupational Affairs, Board of Osteopathic Examiners, Respondent.

Argued February 9, 1979, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*John J. Dean,* for appellant.

*Lenora M. Smith,* Assistant Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, June 6, 1979:

Elias I. Yurick, an osteopathic physician, appeals from an order of the State Board of Osteopathic Examiners (Board) dated October 24, 1977, revoking his license to practice in the Commonwealth based on his alleged violation of Section 14 of the Act of March 19, 1909, P.L. 46, *as amended,* 63 P.S. §271 (Osteopathic Law), which provides in part:

The State Board of Osteopathic Examiners may refuse, revoke, or suspend the right to practice osteopathy and surgery in this State upon any or all of the following reasons, to wit: The conviction of a crime involving moral turpitude ... unethical conduct. ...

Did the Board's revocation hearing comport with procedural due process and did it have before it substantial evidence to support its findings that Yurick was convicted of a crime involving moral turpitude,

and was he guilty of unethical conduct? We hold that the record dictates an affirmative answer to both queries.

In appeals from decisions of the State Board of Osteopathic Examiners, our duty is to affirm the decision of the Board unless we determine that it violates the appellant's constitutional rights, that it is not in accordance with law, or that any of the Board's necessary findings of fact are unsupported by substantial evidence, the Administrative Agency Law, 2 Pa.C.S. §704.

On August 18, 1975, Yurick, in the United States District Court, Western District of Pennsylvania, was convicted of conspiracy in violation of 18 U.S.C. §371 and of using the mails to defraud in violation of 18 U.S.C. §1341, and was sentenced to a total of four years imprisonment together with a $7,000 fine. On July 27, 1976, Yurick was convicted of conspiracy to distribute and possess Schedule II controlled substances in violation of 21 U.S.C. §841(a)(1)[1] by a Federal District Court jury. On August 24, 1976, on these convictions, a sentence of three years imprisonment, coupled with a mandatory term of three years of special supervised parole upon release, was imposed.

On October 12 and October 14, 1976, Yurick was given notice by the Board that a formal hearing would be held on November 4, 1976, to determine whether these convictions were violations of the Osteopathic Law warranting suspension or revocation of his license. Both notices advised Yurick of his right to legal counsel. He sought a hearing delay because his counsel was otherwise engaged on the hearing date and he contended that he had not received sufficient timely notice of the hearing. The Board ruled that Yurick had been given sufficient notice and refused

---

[1] Comprehensive Drug Abuse Prevention and Control Act.

his request. The Board presented copies of Yurick's criminal convictions which were entered into evidence; Yurick was given an opportunity to be heard and present any evidence on his own behalf, and prior to the Board's decision, he was given an opportunity to file a brief.

The grant of a continuance is a matter of administrative discretion of the Board which decision will not be disturbed unless there is an abuse of discretion. *Benford v. Real Estate Commission,* 8 Pa. Commonwealth Ct. 89, 300 A.2d 922 (1973). There is no abuse of discretion or illegality by the Board in refusing to grant the continuance. A conflicting engagement of an attorney in Federal District Court may constitute a valid reason for a continuance if it is sought prior to the hearing date, but there is no reasonable excuse amounting to an abuse of discretion or due process violation when the Board denies a continuance made at the hearing when the Board had convened its members and stenographic services were on hand. Incidentally, no appearance in Yurick's behalf before the Board has to this date been entered by legal counsel.

Yurick's second contention is that the federal convictions which serve as the basis for the Board's revocation order do not amount to crimes involving moral turpitude as contemplated by Section 14 of the Osteopathic Law. We disagree. We asserted the general rule in *Moretti v. State Board of Pharmacy,* 2 Pa. Commonwealth Ct. 121, 126, 277 A.2d 516, 518 (1971), that the element of fraud in a crime injects moral turpitude into consideration. We further defined moral turpitude as " 'anything done knowingly contrary to justice, honesty, or good morals.' " It is apparent beyond doubt that Yurick's conviction for using the mails to defraud is a crime involving moral turpitude. *See Moretti, supra.* Likewise, the convictions in violation of the Comprehensive Drug Abuse Prevention

and Control Act amount to unethical professional conduct.

The Board's adjudication is in accordance with the law and is supported by substantial evidence. This Commonwealth agency has been given the power under Section 14 of the Osteopathic Law to suspend the privilege of those licensees who have breached standards of professional conduct which are established in this Commonwealth to protect and insure our citizens. Having satisfied its burden that a violation of the Act has occurred, we will not say that the Board has abused its discretion in imposing the penalty. We will not substitute our own judgment where the penalty is reasonable. *See Boyd v. State Board of Osteopathic Examiners,* 12 Pa. Commonwealth Ct. 620, 317 A.2d 307 (1974).

Accordingly, we

ORDER

AND Now, this 6th day of June, 1979, the order of the Pennsylvania State Board of Osteopathic Examiners, revoking osteopathy license No. OS2232 of Elias I. Yurick, is affirmed.