William R. Warfel, Appellant *v.* York County Earned Income Tax Bureau, Appellee.

Argued September 15, 1983, before Judges MAC-PHAIL, DOYLE and BARBIERI, sitting as a panel of three.

*Thomas E. Brenner, Goldberg, Evans & Katzman, P.C.,* for appellant.

*Michael W. King,* with him *J. Ross McGinnis, Stock and Leader,* for appellee.

OPINION BY JUDGE MACPHAIL, November 29, 1983:

This is an appeal from an order of the trial court which sustained the demurrer of the York County Earned Income Tax Bureau (Bureau) to the amended complaint in mandamus filed by William R. Warfel (Appellant) and dismissed the complaint.

The gravamen of the complaint is that Appellant was wrongfully discharged by the Bureau from his position as Director of the Bureau. Specifically, Appellant complains that his termination was in violation of his rights under Section 514 of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §5-514[1] and Art. I, §1 of the Con-

---

[1] Section 514 provides as follows:

The board of school directors in any school district, except as herein otherwise provided, shall after due notice, giving the reasons therefor, and after hearing if demanded, have the right at any time to remove any of its officers, employes, or appointees for incompetency, intemperance, neglect of duty, violation of any of the school laws of this Commonwealth, or other improper conduct.

On the removal by the board of school directors of any officer, employe, or appointee, such officer, employe, or ap-

stitution of Pennsylvania[2] because he was not afforded a hearing regarding his discharge.

Unless the allegations in Appellant's complaint are sufficient to show a property right in his employment, he would not be entitled to a due process hearing and could be terminated at will. *Hoffman v. Montour County,* 50 Pa. Commonwealth Ct. 101, 411 A.2d 1319 (1980) and *Amesbury v. Luzerne County Institution District,* 27 Pa. Commonwealth Ct. 418, 366 A.2d 631 (1976).

Appellant argues here as he did in the trial court that inasmuch as the Bureau[3] collects and disburses earned income taxes for school districts and other municipalities, he thereby acquires the status of a public employee and enjoys the protection of the provisions of the Code. We cannot agree. Appellant's citation to case law which holds that non-professional employees of school districts may have a property inter-

_____

pointee shall surrender and deliver to the secretary, or other person designated by the board, any and all papers, property, and effects of the school district in his hands at the time of such removal.

[2] Pa. Const. art. I, §1 provides as follows:

All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness.

[3] The Bureau is identified in paragraph 2 of the complaint as "a local agency organized for the purpose of the collection and disbursement of earned income taxes for the municipalities and school districts within York County, Pennsylvania." Authority for the selection of an individual or agency for the purpose of collecting earned income taxes levied by one or more political subdivisions is provided by Section 10 of The Local Tax Enabling Act, Act of December 31, 1965, P.L. 1257, *as amended,* 53 P.S. §6910. The Bureau is not otherwise identified in the complaint as to its nature and character as a business enterprise, *i.e.* non-profit corporation, business corporation, unincorporated association, sole proprietorship, etc.

est in their employment misses the mark here because there is no allegation in the amended complaint that Appellant was an employee of a school district. Appellant urges that since the Bureau was created by a delegation of the power and functions of school districts and that the Bureau is governed by a Board of Directors consisting, inter alia, of representatives of school districts, he acquires the status of an employee of those school districts. While the argument is unique, it is not persuasive. According to Appellant's complaint beyond which neither we nor the trial court may explore, it was the Board of Directors of the *Bureau* that passed a resolution calling for his discharge and it was the President of the *Bureau* that signed his termination letter. Clearly, Appellant was an employee of the Bureau, not of the school districts and municipalities that created the Bureau.

Nothing in Appellant's complaint sets forth any contractual right to continuing employment; therefore, we turn now to Appellant's alleged constitutional rights under Art. I, §1 of the Constitution of Pennsylvania. Appellant cites our decision in *Hecknauer v. Coder,* 32 Pa. Commonwealth Ct. 308, 379 A.2d 638 (1977) wherein we held that in order for a person's interest in continued employment to constitute a personal right or privilege necessitating an adjudication pursuant to the Local Agency Law, 2 Pa. C. S. §§551-555, 751-754, there must be either a personal right or privilege created by statute and characterized as such or some constitutionally protected right or privilege. We agree that that is the law. Appellant claims his statutory right arises under the Code. We have already ruled to the contrary. He says his constitutional right arises under Art. I, §1 of the Pennsylvania Constitution as construed by the Superior Court of Pennsylvania in *Hunter v. Port Authority of Allegheny*

*County,* 277 Pa. Superior Ct. 4, 419 A.2d 631 (1980). We believe the decision in *Hunter* is inapplicable to the issues raised in this case. *Hunter* held that a person could not be precluded from public employment solely by reason of a prior criminal conviction because such action by a public employer would violate Art. I, §1 of the Constitution of Pennsylvania. It is apparent in the case now before us that the Bureau is not alleged to be a public employer and the reasons for Appellant's discharge are not before us because they are not set forth in the complaint. The Pennsylvania Constitution does not *create* a property right in employment; rather, it *protects* such a right when it exists contractually or by statute. *Pagano v. Pennsylvania State Horse Racing Commission,* 50 Pa. Commonwealth Ct. 499, 413 A.2d 44 (1980) ; *aff'd,* 499 Pa. 214, 452 A.2d 1015 (1982). Since there is no statutory or other constitutionally protected property right with respect to Appellant's continued employment, there is no right to a hearing under the Local Agency Law.

Mindful of the strict standards which must be met before a preliminary objection in the nature of a demurrer can be sustained, as set forth in *Gekas v. Shapp,* 469 Pa. 1, 364 A.2d 691 (1976), we are, nevertheless, constrained to affirm the trial court in the instant case.[4]

---

[4] The facts and the legal issue in the instant case are different from those in *Surowski v. Public School Employees' Retirement System,* 78 Pa. Commonwealth Ct. 490, 467 A.2d 1373 (1983), where the petitioner for benefits from the Pennsylvania Public School Employees' Retirement System Board was an elected tax collector for a municipality and *the* appointed tax collector for a school district. The issue there to be determined was whether the petitioner was an independent contractor or an employee of the school district. In the case, *sub judice* the *Bureau* was organized to collect taxes and the issue is whether the Appellant, an employee of the *Bureau,* was wrongfully terminated.

## ORDER

The order of the Court of Common Pleas of York County, dated December 8, 1982, is affirmed.