562 A.2d 1005

**Ronald F. STARTZEL, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF EDUCATION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 7, 1989.

Decided Aug. 11, 1989.

As Corrected Sept. 6, 1989.

Petition for Allowance of Appeal Denied March 12, 1990.

Lynne L. Wilson, Harrisburg, William J. Maikovich, New Brighton, for petitioner.

Eleanor L. Bush, Asst. Counsel, Jay P. Heubert, Chief Counsel, Harrisburg, for respondent.

Before DOYLE and SMITH, JJ., and KALISH, Senior Judge.

SMITH, Judge.

Ronald F. Startzel (Petitioner) appeals from the August 15, 1988 order of the Department of Education (Department) revoking Petitioner's permanent teaching certificate on the basis of his guilty plea for mail fraud. The Department's order is affirmed.

Petitioner holds a permanent teaching certificate in mathematics and physical science, as well as a Master's equivalency certificate. He taught these subjects at the Mount Carmel School District (District) for twenty-three years. On December 3, 1985, Petitioner was indicted by a federal grand jury for mail fraud under 18 U.S.C. § 1341 (1984). On December 4, 1985, Petitioner entered a guilty plea to one count of mail fraud before U.S. District Court Judge William Caldwell in the Middle District of Pennsylvania. Petitioner received a suspended sentence, six months probation and was ordered to pay a $500 fine. Findings of Fact, Nos. 3–4, 6. The criminal charges were based on Petitioner's conduct as a Mount Carmel Township supervisor. Petitioner and two other supervisors had discussed a scheme whereby they would solicit personal contributions in order to allow private garbage haulers to use a landfill

under the supervisors' control; however, no money ever exchanged hands. Findings of Fact, No. 5.

 On November 25, 1986, the Secretary of Education (Secretary) issued an order to show cause as to why Petitioner's certificate should not be revoked. Hearings were held and the hearing examiner recommended that the Secretary find that Petitioner had committed a crime involving moral turpitude, in violation of 24 P.S. § 1225(j)[1] and that the Secretary decertify Petitioner. The Secretary adopted the recommendation of the hearing examiner and accordingly revoked Petitioner's certification.[2]

Questions presented for review are whether the Secretary erred as a matter of law in concluding that Petitioner committed a crime of moral turpitude rendering him unfit to teach; whether the Secretary erred in revoking Petitioner's certificate by concluding that 24 P.S. § 1225(j) prevented the Secretary from considering the evidence presented by Petitioner establishing his fitness to continue teaching; and whether the Secretary applied the statute in a manner that violates Petitioner's rights under Article I, § 1 of the Pennsylvania Constitution.

At issue in the instant case is 24 P.S. § 1225 which provides in pertinent part:

Powers and duties of Department of Public Instruction The Department of Public Instruction shall have the power, and its duty shall be—

(j) To suspend and revoke the certificate and/or registration of any person ... for a crime or misdemeanor involving moral turpitude ... whenever a certified copy of such indictment shall have been filed with the Department of Public Instruction and to revoke the same upon

1. Section 2 of the Act of May 29, 1931, P.L. 210, *as amended,* added by Section 2 of the Act of August 13, 1963, P.L. 689.

2. This Court's scope of review is limited to a determination of whether constitutional rights were violated or an error of law committed, or whether necessary findings of fact are supported by substantial evidence. *Dohanic v. Department of Education,* 111 Pa.Commonwealth Ct. 192, 533 A.2d 812 (1987), *appeal denied,* 518 Pa. 632, 541 A.2d 1392 (1988).

conviction thereof whenever a certified copy of the verdict or judgment or sentence of the court shall have been filed with the Department of Public Instruction, and to reinstate such certificate and/or registration in any case where, after hearing, the Department of Public Instruction shall deem the same just and proper.

Petitioner initially argues that the Secretary erred as a matter of law in concluding that he committed a crime of moral turpitude which renders him unfit to continue teaching without examining the details of his criminal conduct. Petitioner notes that although mail fraud was found to be a crime of moral turpitude in *Yurick v. State Board of Osteopathic Examiners*, 43 Pa.Commonwealth Ct. 248, 402 A.2d 290 (1979), it is inapplicable in the instant case. In *Yurick*, an osteopathic physician was convicted of mail fraud and conspiracy and sentenced to four years imprisonment and a year later was convicted of conspiracy to distribute controlled substances. By contrast, Petitioner claims that since he only received a suspended sentence with probation and a small fine, he was therefore culpable to a lesser degree. This Court disagrees.

 Specifically, mail fraud is a crime in which fraud is an ingredient and therefore, it is a crime involving moral turpitude. *State Dental Council & Examining Board v. Friedman*, 27 Pa.Commonwealth Ct. 546, 367 A.2d 363 (1976); 18 U.S.C. § 1341 (1984). Determination of whether a crime involves moral turpitude turns on the elements of the crime, not on an independent examination of the details of the behavior underlying the crime. *Flickinger v. Department of State*, 64 Pa.Commonwealth Ct. 147, 439 A.2d 235 (1982). Moreover, *Yurick* provides no basis for arguing that the hearing officer, Secretary or this Court examine the details of Petitioner's criminal conduct prior to determining whether or not his conduct involved moral turpitude.

 Petitioner next asserts that the Secretary in revoking his certification to teach erred as a matter of law in

concluding that 24 P.S. § 1225(j) prevented the Secretary from considering the record evidence which established his fitness to continue teaching. Petitioner notes that the Secretary, in refusing to consider this evidence prior to revoking his teaching certificate, has effectively precluded Petitioner from being able to teach anywhere in the Commonwealth.[3]

A close reading of 24 P.S. § 1225(j) reveals a two-part process in instances where a certified educator has committed a crime of moral turpitude. Initially, it imposes a duty upon the Department to revoke a certificate of a teacher whenever a certified copy of the verdict, judgment or sentence is filed with the Department. The second part of the statute requires that the Department must reinstate a convicted educator's certificate after a hearing if it finds that reinstatement would be just and proper.

Petitioner's argument would require that the Secretary conduct a hearing on a convicted educator's fitness to continue teaching at the decertification and reinstatement stages. When the words of a statute are free and clear of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. *Shestack v. General Braddock Area School District,* 63 Pa.Commonwealth Ct. 204, 437 A.2d 1059 (1981); Section 1921 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921. Nothing in the statute suggests that this discretionary determination of fitness should be made at the decertification stage instead of at the reinstatement stage.

Petitioner finally argues that the General Assembly violated the Federal and State Constitutions when it enacted a statutory scheme which required immediate decertification of educators convicted of crimes of moral turpitude and discretionary consideration of an individual educator's fitness to be reinstated. Petitioner challenges 24 P.S.

---

**3.** The Department granted a stay of decertification pending Startzel's attempt to set aside his conviction for mail fraud.

§ 1225(j) on the grounds that it is unconstitutional because it violates Petitioner's constitutionally guaranteed right to pursue a teaching career. Petitioner also points to various other instances in other jurisdictions where educators, who were convicted of crimes such as adultery, homosexuality, shoplifting and possession of illegal substances were allowed to continue teaching.

The two-step process provided for in 24 P.S. § 1225(j) recognizes that some educators, despite their conviction for crimes of moral turpitude, should be re-admitted to their profession and therefore, the Department is required to reinstate a certificate after a hearing if it deems reinstatement to be just and proper.[4] A two-step decertification/reinstatement process constitutes a rational way for the General Assembly to protect its children and further the State's legitimate interest in ensuring that state-certified educators are fit to work closely with students. Petitioner's reliance on similar instances in other jurisdictions is without merit.

Accordingly, the order of the Department is affirmed.

## ORDER

AND NOW, this 11th day of August, 1989, the order of the Department of Education is affirmed.

**4.** In support of his position, Petitioner relies upon *Hunter v. Port Authority of Allegheny County,* 277 Pa.Superior Ct. 4, 419 A.2d 631 (1980) wherein the Superior Court held that it was a violation of the Pennsylvania Constitution to deny public employment on the basis of a prior conviction. Petitioner also cites *Secretary of Revenue v. John's Vending Corporation,* 453 Pa. 488, 309 A.2d 358 (1973) for the proposition that a cigarette dealer's license could not be revoked because of a conviction of a crime involving moral turpitude as everyone has a right to engage in lawful employment. Petitioner's reliance on *Hunter* and *John's Vending Corp.* is misplaced. *Hunter* in fact supports the Department's position. In *Hunter,* the Superior Court also held that a ban on employment based on past misconduct was invalid unless the ban was rationally related to a legitimate governmental objective. *John's Vending Corporation* is inapposite as it is a matter involving statutory interpretation. The Supreme Court there held that violation of the Cigarette Tax Act could be used as a bar to employment when the purpose of the legislation was to raise revenue and the revocation of the license was based on a twenty-year old conviction.