# Manly v. Allentown Hospital-Lehigh Valley Hospital Center

*Lewis L. Thompson Jr.,* for plaintiff.
*William H. Fitzgerald,* for defendant.

McGINLEY, *J.,* December 31, 1992—The issue before the court is whether an employer can discharge an employee for refusal to submit to screening for drug use. The issue is raised by the preliminary objections of the defendant, Allentown Hospital-Lehigh Valley Hospital Center, to Lynn D. Manly's complaint in the nature of a demurrer to the plaintiff's pleaded cause of action.

Plaintiff, Lynn D. Manly, brought suit against her former employer, Allentown Hospital-Lehigh Valley Hospital Center, claiming that she was discharged for refusing to submit to urinalysis screening for drug use. Viewing the facts pleaded in the complaint as admitted, Manly was employed for approximately eight years as a registered nurse in the intensive care unit of the Lehigh Valley Hospital Center. Due to accusations by co-workers, Manly was told to report to Employee Health where employees of the defendant requested Manly submit to a urinalysis test for drug usage. Manly states that she was later discharged for refusing to submit to the urinalysis. In her complaint Manly asserts that the defendant violated its own policies outlined in the Employee Commendation,

Counselling and Discipline Policy which entitles Manly to relief.

Plaintiff does not allege in her complaint that she was employed pursuant to a contract for a definite period of time. The existence of an employee handbook or disciplinary manual does not rise to the legal significance of an employment contract without at least alleging it was a contract entered into for a definite period of time. See *Dorn v. Stanhope Steel Inc.,* 368 Pa. Super. 557, 534 A.2d 798 (1987), *appeal denied,* 518 Pa. 656, 544 A.2d 1342 (1988); *Martin v. Capital Cities Media Inc.,* 354 Pa. Super. 199, 511 A.2d 830 (1986) *appeal denied,* 514 Pa. 643, 523 A.2d 1132 (1987). Consequently, Manly's employment was at-will.

As a general rule, there is no common law cause of action against an employer for termination of an at-will employment relationship. *Clay v. Advanced Computer Applications Inc.,* 522 Pa. 86, 89, 559 A.2d 917, 918. (1989).

Wrongful discharge actions of at-will employees are only recognized where the discharge would threaten "clear mandate of public policy." A clear mandate of public policy is threatened when an employee is discharged for reporting for jury duty,[1] for reporting federal regulation violations,[2] and for filing a claim under the Pennsylvania Unemployment Compensation Act.[3] There is no clear mandate of public policy in Pennsylvania that would prohibit a private employer from discharging its employees for refusing to submit to drug testing.

1. *Reuther v. Fowler & Williams Inc.,* 255 Pa. Super. 28, 386 A.2d 119 (1978).

2. *Hunter v. Port Authority of Allegheny County,* 277 Pa. Super. 4, 419 A.2d 631 (1980).

3. *Kamensky v. Roemer Industries Inc.,* 1 D.&C.4th 497 (1988).

In the only case of wrongful discharge by reason of drug testing, the Pennsylvania Superior Court refused to recognize a violation of public policy where a private employer failed to confirm positive drug test results by alternative scientific procedures before asking an employee to resign. *Hershberger v. Jersey Shore Steel Co.,* 394 Pa. Super. 363, 575 A.2d 944 (1990), *alloc. den.,* 527 Pa. 601, 589 A.2d 691 (1991). The court did not acknowledge the existence of any clear public policy in Pennsylvania with regard to drug testing. Although the plaintiff in *Hershberger* agreed to submit to the drug testing and Manly did not, the result is no different. Like Hershberger, Manly fails to cite any *existing* clear mandate of public policy which her employer violated.

Plaintiff relies on a federal case, *Borse v. Piece Goods Shop Inc.,* 963 F.2d 611, 623 (3rd Cir. 1992), which, based upon speculation, predicts that the Pennsylvania Supreme Court would conclude that a discharge violates public policy if it "was related to a substantial and highly offensive invasion of the employee's privacy." The standard by which a wrongful discharge claim is actionable is whether there is an *existing* clear mandate of public policy. Any speculation of what may or may not become public policy is not the standard by which this issue must be addressed.

At some point the appropriate body may recognize certain privacy rights of employees of private employers. However, the facts of the case before us do not compel us to do so here.

There is also a motion to strike off plaintiff's demand for attorneys' fees as impertinent, and a motion to strike off the complaint for failing to attach writings pursuant to Pa.R.C.P. 1019(h). Since we find in favor of the defendant on the central issue and grant the demurrer to

the complaint in its entirety, it is unnecessary for us to address the remainder of the preliminary objections.

## ORDER

Now, December 31, 1992, upon consideration of the preliminary objections of the defendant, Allentown Hospital-Lehigh Valley Hospital Center, and the briefs of counsel, it is ordered that the demurrer of the defendants is hereby granted; and it is further ordered that this case is hereby dismissed for the reasons stated in the accompanying opinion.

