**Daniel SORGE, Plaintiff,**

v.

**WRIGHT'S KNITWEAR CORP., Defendant.**

Civ. A. No. 93–0928.

United States District Court, E.D. Pennsylvania.

Aug. 23, 1993.

---

Kimberly D. Borland, and David P. Tomaszewski, Borland & Borland, Wilkes Barre, PA, for plaintiff.

Frank L. Tamulonis, Jr., Zimmerman, Lieberman & Derenzo, Pottsville, PA, for defendant.

*MEMORANDUM & ORDER*

HUYETT, District Judge.

This wrongful discharge action arises from the termination of plaintiff Daniel Sorge's employment as a fabric cutter with Wright's Knitwear Corporation in October of 1991. Defendant has filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). According to defendant, plaintiff's complaint is deficient because (1) he has failed to allege circumstances amounting to a valid exception to the at-will employment doctrine of Pennsylvania, (2) his claim is preempted, and (3) there is no private cause of action for wrongful discharge under 29 U.S.C. § 660(c). For the reasons stated below, defendant's motion to dismiss shall be DENIED.

## I. INTRODUCTION

In essence, plaintiff's complaint alleges that Daniel Sorge was terminated from his employment as a fabric cutter for Wright's Knitwear because he reported certain safety violations in his workplace to the United States Department of Labor Occupational Safety and Health Administration ("OSHA"). Plaintiff informed OSHA of his termination, claiming that it was discriminatory and caused by his reporting safety violations to the OSHA. However, in February of 1992, OSHA informed plaintiff that he had not met his burden of establishing that he was discriminated against in violation of Section 11(c)(1) of the Occupational Safety and Health Act of 1970, 29 U.S.C. § 660(c)(1).

Plaintiff appealed the dismissal of his complaint to OSHA, but that appeal was dismissed on or about August of 1992.

Defendant asserts three main grounds for dismissal. First, defendant contends that plaintiff cannot assert a claim based on 29 U.S.C. § 660(c)(1) because there is no implied right of action from that statute. *Taylor v. Brighton Corp.*, 616 F.2d 256 (6th Cir.1980). Second, defendant argues that generally there is no common law cause of action in Pennsylvania for termination of an at-will employment relationship. *Geary v. United States Steel Corp.*, 456 Pa. 171, 319 A.2d 174 (1974). Finally, defendant charges that even if plaintiff had properly alleged a wrongful discharge claim, his cause of action is precluded by the administrative remedy offered in 29 U.S.C. § 660(c). *Clay v. Advanced Computer Applications*, 522 Pa. 86, 559 A.2d 917 (1989).

In response, plaintiff states that he is not asserting a direct claim under 29 U.S.C. § 660(c). Instead, plaintiff argues that his complaint states a valid claim for wrongful discharge by alleging that his termination was in violation of the public policy of the Commonwealth of Pennsylvania. *Paul v. Lankenau Hospital*, 524 Pa. 90, 569 A.2d 346 (1990). Accordingly, this opinion shall address only the second and third arguments raised by defendant.

## II. DISCUSSION

### A. *Standard of Review*

■ In resolving a motion to dismiss, the Court must accept as true all the well-pleaded allegations of the complaint, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable interpretation of the pleadings, the plaintiff may be entitled to relief. *Estate of Bailey by Oare v. County of York*, 768 F.2d 503, 506 (3d Cir.1985); *Helstoski v. Goldstein*, 552 F.2d 564, 565 (3d Cir.1977) (per curiam). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

### B. *Whether Plaintiff Has Alleged a Valid Public Policy Exception*

■ As defendant correctly asserts, as a general rule, no common law cause of action exists against an employer for the termination of an at-will employee in Pennsylvania. *Geary v. United States Steel Corp.*, 456 Pa. 171, 319 A.2d 174 (1974). However, The Supreme Court of Pennsylvania has announced an exception to this rule when the discharge violates a clear mandate of public policy. *Paul v. Lankenau Hospital*, 524 Pa. 90, 569 A.2d 346 (1990). Plaintiff in this action contends that his termination falls within this limited exception.

■ In Pennsylvania, public policies upon which wrongful discharge claims may be based can have their source in federal as well as state law. *Kilpatrick v. Delaware County S.P.C.A.*, 632 F.Supp. 542, 543 (E.D.Pa.1986); *See also Novosel v. Nationwide Ins. Co.*, 721 F.2d 894 (3d Cir.1983). Plaintiff contends that the federal Occupational Safety and Health Act, 29 U.S.C. § 651 *et seq.*, sets forth the public policy of Pennsylvania. Indeed, in *Kilpatrick v. Delaware County S.P.C.A.*, the Honorable Joseph F. Lord addressed this precise issue and found:

> OSHA announces a clear and significant public policy sufficient under Pennsylvania law to give rise to a cause of action for wrongful termination if an employee is fired for complaining about occupational hazards to a Commonwealth Agency.

*Kilpatrick*, 632 F.Supp. at 546.

■ Although Judge Lord expressed no opinion as to whether Pennsylvania law would also recognize a cause of action for wrongful discharge when the employee complained to a federal agency, as plaintiff Sorge did, Pennsylvania's underlying policy interests in pursuing the objectives of OSHA remain the same regardless of which agency is notified of a violation. In short, OSHA is no less a clear mandate of Pennsylvania's public policy simply because its violation is reported to a federal agency. Hence, pursuant to the persuasive reasoning enunciated by Judge Lord in *Kilpatrick*, I find that OSHA does set forth a clear and significant mandate of

public policy in Pennsylvania and plaintiff has properly alleged a cause of action for wrongful termination in violation of that mandate.

Finally, defendant has submitted a supplementary letter to the Court calling attention to the recent decision in *Krajsa v. Keypunch, Inc.,* 424 Pa.Super. 230, 622 A.2d 355 (1993). Defendant contends that under *Krajsa,* a violation of a clear mandate of public policy occurs only where the plaintiff demonstrates that a statute or constitution applies to his case and that his termination resulted from his acting according to some duty under that applicable law. *Id.* 622 A.2d at 359.

In *Krajsa,* the Superior Court reviewed the only three wrongful discharge cases in which Pennsylvania courts had found a clear mandate of public policy and found that in each case the plaintiff demonstrated that a statute or constitution applied to him and that his discharge resulted from his duty act under that law. *Krajsa,* 622 A.2d at 359, citing *Field v. Philadelphia Electric Co.,* 388 Pa.Super. 400, 565·A.2d 1170 (1989); *Hunter v. Port Authority,* 277 Pa.Super. 4, 419 A.2d 631 (1980); and *Reuther v. Fowler & Williams, Inc.,* 255 Pa.Super. 28, 386 A.2d 119 (1978). However, upon closer examination of the facts in *Hunter v. Port Authority,* it is clear that the court found a violation of a clear mandate of public policy even when the plaintiff did *not* act under any duty. In *Hunter,* the court found a violation of public policy—as set forth in the Pennsylvania Constitution—when plaintiff was denied employment because of a prior conviction for which he had been pardoned. *Hunter,* 419 A.2d at 635. Therefore, instead of announcing an exclusive set of circumstances in which a violation of public policy can be found, *Krajsa* simply teaches that in certain circumstances a violation will always be found. That holding does not speak to the situation in the instant action.

### C. *Preemption By An Administrative Remedy*

Defendant's final argument in favor of dismissal is that plaintiff's common law claim for wrongful discharge is precluded because a statutory remedy is available in 29 U.S.C.

§ 660(c). *See Clay v. Advanced Computer Applications,* 522 Pa. 86, 559 A.2d 917 (1989); *Wolk v. Saks Fifth Ave., Inc.,* 728 F.2d 221 (3d Cir.1984). In *Clay,* the Pennsylvania Supreme Court held that plaintiffs' failure to pursue their sexual discrimination claim before the Pennsylvania Human Relations Commission, as required by statute, precluded a common law wrongful discharge claim. *Clay,* 559 A.2d at 917.

■ Contrary to defendant's assertions, the holding in *Clay* does not control the situation in the instant action. As persuasively stated by Judge Lord when presented with the same preemption argument regarding an OSHA claim in *Kilpatrick v. Delaware County S.P.C.A.,* 632 F.Supp. 542, 543 (E.D.Pa.1986),

> [N]either the Third Circuit nor the Pennsylvania Supreme Court has explicitly held that the existence of a federal remedy for adverse discrimination by an employer preempts Pennsylvania common law for wrongful termination.
>
> ... OSHA, unlike the PHRA, does not give aggrieved employees a private right of action. Refusing to recognize a common law action in this case would not only mean that Pennsylvania courts were relying upon federal law to enforce policies important to the Commonwealth, but would also mean that they were relying upon federal officials whose vigor in enforcing OSHA waxes and wanes depending upon the prevailing political winds blowing towards Washington.

*Id.* at 549–50.

Following Judge Lord's compelling reasoning, plaintiff Sorge's common law claim is not preempted by his prior claim with OSHA under *Clay* because his available statutory remedy is federal and does not provide for a private right of action.

### III. CONCLUSION

For the reasons stated above, defendant's motion to dismiss is DENIED. An appropriate order follows.

*ORDER*

Upon consideration of defendant Wright's Knitwear Corporation's motion to dismiss, plaintiff's response, defendant's reply and for the reasons stated in the accompanying memorandum, defendants motion is DE-NIED.

IT IS SO ORDERED.