Cratsley, J.
INTRODUCTION/BACKGROUND
This opinion arises solely from Count V of a complaint filed by the plaintiff on May 13, 1996. In this count the plaintiff alleges that he was discharged from employment by defendant Wingate in retaliation for his having reported safety violations by his former employer, CMJ Management, to the Occupational Safely and Health Act (“OSHA”) Division of the Department of Labor. The plaintiff claims that his termination by Wingate was in violation of public policy as embodied in OSHA and Massachusetts law.
Defendant Wingate filed a motion to dismiss pursuant to MassJR.Civ.P. 12(b)(6) which was heard on December 5, 1996. In support of their motion, defendant Wingate argues that Massachusetts bars a common law action for wrongful discharge based on public policy when a statutory remedy is available to the plaintiff. Wingate asserts that the plaintiffs claim is therefore precluded by OSHA, which provides the plaintiff with an administrative remedy.[1] In addition, defendant Wingate suggests that Massachusetts courts may not allow a public policy discharge claim which is based on a federal statute such as OSHA.
In opposition to defendant’s motion, the plaintiff argues that under Massachusetts law a federal statutory remedy which does not provide a private right of action does not preclude a common law wrongful discharge claim. In addition, the plaintiff argues that *372 the public policy embedded in OSHA is an important public policy of Massachusetts for purposes of stating a common law wrongful discharge claim. The plaintiff also asserts that Massachusetts courts have not prohibited the public policy embodied in OSHA from serving as the public policy basis for a common law wrongful discharge claim.
This Court finds that Massachusetts law does not preclude the plaintiffs claim. This Court also finds that an important public policy of Massachusetts serves as the basis for the plaintiffs claim. Therefore, defendant Wingate’s motion to dismiss is DENIED.
DISCUSSION
The “complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). All inferences should be drawn in the plaintiffs favor, and the complaint “is to be construed so as to do substantial justice . . .” Ourfalian v. Aro Mfg. Co., 31 Mass.App.Ct. 294, 296 (1991). “(A) complaint is not subject to dismissal if it would support relief on any theory of law.” Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
1. Preclusion
Massachusetts Courts disfavor the creation of duplicative remedies and do not allow a common law employee discharge claim based on public policy in cases where a comprehensive legislative remedy is available to the plaintiff. Melley v. Gillette Corp., 19 Mass.App.Ct. 511, 512-14 (1984). Massachusetts decisions have barred common law public policy claims only in wrongful discharge cases where a state statutory remedy for the alleged public policy violation was available and provided a private cause of action. See Melley, 19 Mass.App.Ct. 511, Gram v. Liberty Mut. Ins. Co., 384 Mass. 659, 671 (1981), Foley v. Polaroid Corp., 381 Mass. 545, 553 (1980), Mello v. Stop & Shop Companies, Inc., 402 Mass. 555, 556-57 (1988). This distinction has been specifically recognized by the Federal court in the Eastern District of Pennsylvania, which declined to hold that the existence of a remedy under OSHA preempts a state common law claim for wrongful termination, reasoning that, “the available statutory remedy is federal and does not provide for a private right of action.” Sorge v. Wright's Knitwear Corp., 832 F.Supp. 118, 121 (E.D. Pa. 1993), citing Kilpatrick v. Delaware County S.P.C.A., 632 F.Supp. 542, 543 (E.D. Pa. 1986). Given that the OSHA statute does not provide for a private right of action, the plaintiff is not afforded a comprehensive remedy under OSHA, and his common law wrongful termination claim is not preempted.
2. Public Policy
Massachusetts common law and statutes indicate that the plaintiffs claim is supported by an important public policy of the Commonwealth. Massachusetts common law provides redress based on public policy for at-will employees who are discharged for either refusing to commit an unlawful act or for fulfilling their duty to insure the employer’s compliance with the law of the Commonwealth involving public safety. Smith-Pfeffer v. Supt. of the Walter Fernald State School 404 Mass. 145, 150 (1989), citing Hobson v. McLean Hosp. Corp., 402 Mass. 413, 416 (1988). “The categories of cases set forth in Smtih-Pfeffer also justify legal redress in certain circumstances for employees terminated for performing important public deeds, even though the law does not absolutely require the performance of such a deed.” Flesner, 410 Mass. at 810-11. “Whistleblowing, for example may fall into this category.” Id. at 811 n.3. See also Mello v. Stop & Shop Cos., 402 Mass. 555, 560 n.6 (1988).
A Massachusetts public policy basis for the plaintiffs wrongful discharge claim is also found in Massachusetts legislation which encourages workplace safety and the investigation of complaints. See G.L.c. 149 Sections 3,5,6. Given that the public policy of the Commonwealth provides a public policy basis for the plaintiffs claim, dismissal is not warranted.[2]
ORDER
For the foregoing reasons, defendant Wingate’s motion to dismiss Count v. of the plaintiffs complaint is DENIED.

 29 U.S.C. Section 660(c) (2) provides in relevant part, “any employee . . . may file a complaint with the Secretary . . . Upon receipt of such complaint, the Secretary shall cause such investigation to be made as he deems appropriate. If upon such investigation, the Secretary determines that the provisions of this subsection have been violated, he shall bring an action in any appropriate United States District Court against such person.”

 Nhe parties’ briefs address the issue of whether the public policy embodied in OSHA, because it is a federal law, can enunciate a state policy. However, given that the plaintiffs claim is supported by Massachusetts public policy, that issue need not be addressed here.