518 So.2d 1292 (1987)
Benjamin U. SANDLIN, Appellant,
v.
CRIMINAL JUSTICE STANDARDS AND TRAINING COMMISSION, Appellee.
No. BJ-283.
District Court of Appeal of Florida, First District.
August 11, 1987.
*1293 Elizabeth L. White and William J. Sheppard, of Sheppard and White, Jacksonville, for appellant.
Joseph S. White, Asst. General Counsel, Florida Dept. of Law Enforcement, Tallahassee, for appellee.
BARFIELD, Judge.
Benjamin U. Sandlin appeals an order of the Criminal Justice Standards and Training Commission refusing to certify him as a law enforcement officer because of his past criminal record, pursuant to section 943.13(4), Florida Statutes (1985), notwithstanding a pardon and an exemplary record thereafter. At issue is the legal significance and effect of a pardon under Florida law. We affirm.
Section 943.13(4) precludes any person who has been convicted of any felony from being employed or appointed as a law enforcement officer in Florida. In the early 1960's, when appellant was in his teens, he was convicted of robbery, escape and assault. He was paroled in 1965 and has not been arrested or convicted of any offenses since that time. In 1968, upon recommendation of the Florida Parole and Probation Commission, appellant was granted a full pardon for the offenses, pursuant to chapter 940, Florida Statutes (1968).
Appellant is employed by the Jacksonville Sheriff's Office as a correctional officer and has since 1971 served as the chief bailiff for Circuit Court Judge Hudson Olliff. He has been commended for his diligence and professionalism in carrying out his duties both with the sheriff's office and the court system. In 1985, the Jacksonville Sheriff's Office requested that the Criminal Justice Standards and Training Commission certify him as a police officer, including in its request a letter from Sheriff Dale Carson stating that the sheriff's office is aware of his past arrest and conviction record, but "after fifteen years of loyal, dedicated service to the department as a Correctional Officer, we have no reservation in our desire to now employ him as a Police Officer".
At the hearing on the certification request, appellant presented uncontroverted evidence of his good moral character, his outstanding reputation in the law enforcement field, and his continuing education since his pardon. Judge Olliff spoke in his behalf, characterizing him as "a young man who got into trouble at an early age, saw the error of his ways, and is now a good solid law-abiding and respected citizen." Appellant also presented letters of reference from judges, assistant state attorneys, public defenders, private attorneys, and a probation officer. Although some members were sympathetic to appellant, the Commission voted to deny certification, finding that section 943.13, Florida Statutes (1985), precluded it from certifying a person who has been convicted of a felony, even though he has been granted a pardon.
According to the rules promulgated by the Office of Executive Clemency, "A full pardon unconditionally releases from punishment, forgives guilt and entitles an applicant to all the rights of citizenship enjoyed by him before his conviction. It freely and unconditionally absolves the offender from all legal consequences of the conviction under Florida law."
Appellant asserts that section 943.13(4) should not be interpreted as an absolute disqualification of all felons, regardless of *1294 a full pardon and regardless of present moral character, because such an interpretation ignores the power of a full pardon and nullifies the restoration of civil rights and the removal of disqualifications granted by the executive branch of government under chapter 940. He contends that a full pardon, by its terms, has the effect of removing the disabilities created by the conviction and allows the pardoned felon to hold office, to vote, and to serve on a jury in a court of law.
Appellant argues that the removal of the consequences of conviction should include reinstatement of eligibility for certification as a police officer, citing Commissioner of the Metropolitan District Commission v. Director of Civil Service, 348 Mass. 184, 203 N.E.2d 95 (1964), involving a similar Massachusetts statute, and Slater v. Olson, 230 Iowa 1005, 299 N.W. 879 (1941), in which the court reasoned that an interpretation denying a civil service position to a pardoned felon would render an Iowa statute unconstitutional as an encroachment upon the exclusive pardoning power of the executive branch of government. He asserts that by denying him certification as a police officer, the Commission imposed upon him a "legal disability," which is precisely what the clemency board sought to remove when it granted him a full pardon.
Relying on several Florida Supreme Court cases[1], appellant contends that although the Florida Supreme Court has not yet had the opportunity to determine the effect of a full pardon on a felon's eligibility for police service, case law supports the conclusion that a full pardon removes the disqualification in such a case, where the applicant otherwise demonstrates his good moral character.
The Commission contends that its interpretation of the statute is in furtherance of the intent of the Florida Legislature, noting that although section 112.011(1)(b), Florida Statutes (1985), specifies that a person who has been convicted of a crime and has had his civil rights restored shall not be disqualified from the practice of a profession for which a state-issued certificate is required unless the crime directly relates to the practice of the profession, section 112.011(2)(a) specifically provides that this provision "shall not be applicable to any law enforcement or correctional agency." The Commission asserts the legislative intent is clear that a law enforcement officer candidate with a felony conviction shall not be certified and allowed to be employed in this state, regardless of the existence of a pardon. The Commission urges this Court to uphold its interpretation of section 943.13(4), which it asserts was made in deference to the Florida Supreme Court,[2] the Florida Attorney General,[3] and the Florida Legislature.
The administrative construction of a statute by the agency charged with its administration *1295 is entitled to great weight and should not be overturned unless "clearly erroneous", Department of Insurance v. Southeast Volusia Hospital District, et al., 438 So.2d 815, 820 (Fla. 1983), appeal dismissed, 466 U.S. 901, 104 S.Ct. 1673, 80 L.Ed.2d 149 (1984). The burden is upon appellant to show that the Commission's interpretation of section 943.13(4) is clearly erroneous, not merely that another interpretation would lead to a more just result in this litigation.
While we sympathize with appellant's situation, we are unable to say that the Commission's interpretation of section 943.13(4) is clearly erroneous, in light of Florida case law[4] and the language of sections 112.011 and 943.13(4). We are not inclined to give the statute a contrary interpretation on the strength of authorities *1296 from other jurisdictions.[5]
In his dissent, Judge Ervin admits that he cannot fault the Commission's interpretation of the statute, but concludes, admittedly on the basis of an incomplete record and arguments by counsel that only obliquely suggested the issue,[6] that the Commission's order must be reversed because it is based upon an unconstitutional statute. Judge Ervin concedes that sections 943.13(4) and 112.011, when considered together, clearly reflect the legislature's intent that a prior felony conviction is a complete bar to a person's certification as a police officer, notwithstanding his later receipt of a pardon, and that section 112.011(2)(a) removes from the Commission any discretion to act favorably on such an application. He also concedes the legislature's authority, in the exercise of its police powers, to regulate or restrict any business, trade, or occupation in order to protect the public health, morals, or general welfare. We are in agreement up to this point.
However, we cannot agree with Judge Ervin's conclusion that the legislature's preclusion of any discretion by the Commission to consider such an applicant's request for certification unconstitutionally *1297 violates the separation of powers doctrine set out in Article II, section 3 of the Florida Constitution. While we agree that the power of pardon is vested exclusively in the executive branch, it does not follow that the legislature's legitimate exercise of its police power to protect the public welfare by precluding employment as police officers those who have been convicted of crimes, because it may affect persons who have been pardoned by the executive branch, thereby becomes an encroachment upon the exercise of the pardon power.
Denial of the privilege of employment by the State of Florida as a law enforcement officer is not a part of the punishment imposed upon one convicted of a felony, but a legitimate restriction aimed at safeguarding the general welfare of Florida's citizens. A pardon may relieve a person from the legal disabilities attendant upon a conviction, but it does not erase the fact of the conviction.
The Florida Legislature has apparently concluded that the fact that a person has been convicted of a felony, whether or not he has been pardoned, and notwithstanding his record thereafter, reflects unfavorably upon that person's ability to carry out the duties of a law enforcement officer, or that employment of such a person in such a position would seriously affect the public perception and functioning of the criminal justice system and the enforcement of law in this state. The wisdom of this conclusion, and the wisdom of the means chosen by the legislature to protect the public and the law enforcement system from officers whose bad moral character, real or perceived, might adversely affect the enforcement of the laws of this state, are not for this Court to determine.
While we agree with Judge Ervin's observation that the legislature could direct the Commission to consider whether a person who has been convicted and pardoned has the requisite moral character for certification as a law enforcement officer, it is clear that the legislature did not intend to give the Commission such discretion. It is the function of the appellate courts to say what the law is, not what the law should be.
Although pardoned, appellant has been convicted of a felony. It is clear that the legislature does not intend to allow such a person to hold the sensitive position of law enforcement officer, or to give the Commission discretion to consider such a person for certification, notwithstanding his subsequent history. We hold that such a determination by the legislature is within its police power, and does not unconstitutionally impinge upon the executive's clemency power.
Under the circumstances, the Commission did not err in refusing to certify appellant as a law enforcement officer. However, because of the harsh consequences which result from this construction of section 943.13(4) in cases such as the one at issue, we certify to the Florida Supreme Court, as a matter of great public importance, the following question:
Does a full pardon under chapter 940, Florida Statutes (1985), which restores the civil rights of a person convicted of a felony, relieve the pardoned person from the disqualification from certification as a law enforcement officer imposed by section 943.13(4), Florida Statutes (1985), on a person who has been convicted of any felony?
The order of the Criminal Justice Standards and Training Commission is AFFIRMED.
WIGGINTON, J., concurs.
ERVIN, J., concurs and dissents, with written opinion.
ERVIN, Judge, concurring and dissenting.
I concur with the majority in certifying the above question to the Florida Supreme Court. I disagree, however, with the majority's decision to affirm. If the issue on review related solely to the question of *1298 whether the Commission has discretionary authority  notwithstanding appellant's prior criminal record  to certify appellant as a law enforcement officer, I would have no hesitancy in concurring with the conclusion that the Commission's decision to deny appellant's application was a proper exercise of discretion. Such, however, is not the issue. The record is clear that the Commission assumed, because of the provisions in Section 943.13(4), Florida Statutes (1985)[1], that it had no discretion to act whatsoever.
I cannot fault the Commission's interpretation of the statute. My only disagreement with the order appealed from is that it is based on a statute or statutes that I regard to be unconstitutional. My conclusion is admittedly founded on an incomplete record and arguments by counsel that only obliquely suggest the underlying constitutional issue. Our difficulty in addressing such issue is compounded by the rule precluding agencies from addressing the facial constitutionality of statutes  although an appellate court is empowered to consider the constitutional issue de novo. See Key Haven Associated Enterprises, Inc. v. Board of Trustees of the Internal Improvement Trust Fund, 427 So.2d 153 (Fla. 1982).
While section 943.13(4) is silent regarding whether it inflexibly bars the Commission from considering an application for one's employment as a law enforcement officer, if the applicant, as here, was convicted of a felony but later received an unconditional pardon, the statute, when considered in pari materia with Section 112.011, Florida Statutes, clearly reflects the legislative intent that one's prior conviction of a crime is a complete bar to such person's certification, notwithstanding his later receipt of a pardon, unconditional or otherwise. Section 112.011(1)(b), in providing that a person whose civil rights have been restored shall not be disqualified from engaging in an occupation for which a certificate is required to be issued by the state or any of its agencies "solely because of a prior conviction for a crime[,]" continues that if the crime was a felony or a first degree misdemeanor and directly related to the occupation for which the certificate is sought, the certificate "may" then be denied  despite the applicant's restoration of his civil rights. (e.s.)
If our examination were restricted to the provisions of only section 112.011(1), I would conclude that the Commission is vested with permissive authority to consider an application for certification in the field of law enforcement. The next subsection, however, removes from the Commission any discretion to act favorably on such application. Subsection (2)(a) states: "This section shall not be applicable to any law enforcement or correctional agency."
The legislature's authority to regulate or restrict any business, trade, or occupation is a well-recognized exercise of its police powers in order to protect the public health, morals, or general welfare. See Amos v. Gunn, 84 Fla. 285, 94 So. 615 (1922); Sullivan v. DeCerb, 156 Fla. 496, 23 So.2d 571 (1945); Junco v. State Board of Accountancy, 390 So.2d 329 (Fla. 1980). Its authority to so act is, however, not unlimited. Among other things, the guaranty of equal protection of the laws may act to circumscribe the exercise of such powers, Blitch v. City of Ocala, 142 Fla. 612, 195 So. 406 (1940), as does the guaranty of due process of law, State ex rel. Badgett v. Lee, 156 Fla. 291, 22 So.2d 804 (1945). In my judgment the legislature's preclusion of any discretion in the appropriate agency to consider an applicant's request for certification as a police officer  despite such person's grant of an unconditional pardon  conflicts with another constitutional provision: the separation of powers doctrine. See Article II, § 3, Fla. Const.
The powers of pardon and restoration of civil rights are vested exclusively in the executive branch, and "when the Constitution *1299 prescribes the manner of doing an act, the manner prescribed is exclusive, and it is beyond the power of the Legislature to enact a statute that would defeat the purpose of the constitutional provision." Weinberger v. Board of Public Instruction, 93 Fla. 470, 112 So. 253, 256 (1927) (e.s.). See also In Re Advisory Opinion of the Governor Civil Rights, 306 So.2d 520, 523 (Fla. 1975); Sullivan v. Askew, 348 So.2d 312 (Fla. 1977), which, in citing Schick v. Reed, 419 U.S. 256, 95 S.Ct. 379, 42 L.Ed.2d 430 (1974), concluded that the power of pardon flows from the constitution alone, "not from any legislative enactments, and that it cannot be modified, abridged, or diminished by the Congress... . We therefore hold that the pardoning power is an enumerated power of the Constitution and its limitations, if any, must be found in the Constitution itself." 348 So.2d at 314 (e.s.).
Article IV, section 8(a) of the Florida Constitution, empowers the governor and three cabinet officers to "grant full or conditional pardons, restore civil rights, commute punishment, and remit fines and forfeitures for offenses." Pursuant to their constitutional powers, the governor and members of the cabinet have adopted Rules of Executive Clemency. Rule 5A thereof provides: "A full pardon unconditionally releases from punishment, forgives guilt and entitles an applicant to all of the rights of citizenship enjoyed by him before his conviction. It freely and unconditionally absolves the offender from all legal consequences of the conviction of an offense under Florida Law." (e.s.)
Appellant received a full pardon from the governor and four cabinet members on December 10, 1968. Since the powers of pardon and restoration of civil rights vest exclusively in the executive branch of government, In re Advisory Opinion of Governor Civil Rights, 306 So.2d at 523, I conclude that one who has received an unconditional pardon is, at the minimum, entitled to have his application for certification as a law enforcement officer considered by the agency responsible for issuing certifications, and any statute that purports to abrogate the applicant's entitlement to such consideration is an unconstitutional exercise of a power that resides exclusively in the executive branch of government.
I have no difficulty with the majority's reliance on Page v. Watson, 140 Fla. 536, 192 So. 205, 208 (1938), holding that while a full pardon restores the offender to all of his civil rights, it does not obliterate the fact of the commission of the crime, nor does it "wash out the moral stain... ." My disagreement with the majority centers on its conclusion that the legislature, in furtherance of its authority to prescribe the qualifications of those who seek employment as law enforcement officers, has the unfettered right to bar such employment to any person who, having been convicted of a crime, has since received an unconditional pardon.
Page, in my judgment, simply holds that a pardon, while restoring the applicant's rights to citizenship, does not act thereby to restore automatically either his qualifications or his character. I do not understand it to state that the responsible licensing agency of the executive branch can be denied any discretion by the legislature, once a full pardon has been conferred, to consider an application for employment. I do not mean to say that the legislature cannot place certain conditions upon the applicant's right to certification. For example, I should think that the legislature, could, within the bounds of its police powers, direct the Commission to consider whether one seeking a position in law enforcement has the requisite moral character, by taking into account the established fact of his criminal record even in the face of a full pardon, since, "a pardon implies guilt; it does not obliterate the fact of the commission of the crime and the conviction thereof; ... it involves forgiveness and not forgetfulness." Page v. Watson, 192 So. at 208.
The placement of a construction on the legislature's authority to prescribe qualified *1300 conditions of employment is consistent with Rule 5A of the Rules of Executive Clemency, stating that "[a] full pardon ... entitles an applicant to all of the rights of citizenship enjoyed ... before his conviction." (e.s.) Appellant's entitlement to employment as a law enforcement officer following his pardon is no greater than that he possessed before his conviction, nor can it be any less. Although his receipt of a full pardon does not blot out the fact of his commission of a crime, neither, in the absence of executive action so holding, can it solely be a basis for disentitlement to any such consideration. The applicant still must be allowed the right  unimpeded by the legislature  to have the question of his entitlement for the position he seeks considered by the Commission, and any statute or statutes denying him such right must be held unconstitutional as an improper exercise of the power of pardon which resides exclusively with the executive branch of government.
NOTES
[1] Appellant relies on Singleton v. State, 38 Fla. 297, 21 So. 21 (1896), in which the court ruled that the complete bar to felons serving as witnesses in a court of law is lifted by the presence of a full pardon; Fields v. State, 85 So.2d 609 (Fla. 1956), in which the court held that a prior felony conviction, relieved by a full pardon, cannot be the basis for subjection to a habitual criminal law; In Re Florida Board of Bar Examiners, 183 So.2d 688 (Fla. 1966), in which the court ruled that a prior felony conviction, once pardoned, cannot be used as an absolute bar to the practice of law; and In Re Florida Board of Bar Examiners, 341 So.2d 503 (Fla. 1976), in which the court reinforced its earlier opinion that a full pardon restores eligibility to practice law in Florida.
[2] The Commission relies on Page v. Watson, 140 Fla. 536, 192 So. 205 (1938), in which the court held that the pardon of a physician convicted of a felony was no defense to an administrative action against the physician's license under a Florida statute which provided for license revocation if the physician "has been convicted in a court of competent jurisdiction of a felony." The Commission points out that the opinions of the Massachusetts and Iowa courts are not binding upon this court and that several federal courts have reached opposite conclusions on similar issues, citing Dixon v. McMullen, 527 F. Supp. 711 (N.D.Texas 1981), and In Re Naturalization of Quintana, 203 F. Supp. 376 (S.D.Fla. 1962).
[3] The Commission relies on Attorney General Opinion 070-157, which concluded, in response to a request from its predecessor (the Police Standards Council) raising the same issue, that "so long as a conviction stands, the person convicted is not eligible for employment as a police officer, regardless of whether the pardon is granted by Florida or a foreign jurisdiction."
[4] In Page v. Watson, 140 Fla. 536, 542, 192 So. 205, 208 (1938), the Florida Supreme Court held that although a pardon restores a person to customary civil rights, "it does not restore offices forfeited, nor property or interests vested in others in consequence of conviction ... it does not obliterate the fact of the commission of the crime and the conviction thereof; it does not wash out the moral stain" and it does not impinge upon the Florida Legislature's authority, within the exercise of its police power, to prescribe the qualifications of a person to practice medicine in Florida. The court quoted with approval the United States Supreme Court's observation:

"The thought which runs through these cases, and others of similar import which might be cited is that such legislation is not to be regarded as a mere imposition of additional penalty, but as prescribing the qualifications for the duties to be discharged and the position to be filled, and naming what is deemed to be, and what is in fact, appropriate evidence of such qualifications."
140 Fla. at 548, 192 So. at 210 (quoting Hawker v. New York, 170 U.S. 189, 200, 18 S.Ct. 573, 577, 42 L.Ed. 1002, 1007 (1898)). The court noted:
It cannot be contended here that the Legislature of Florida had not the power to require, as a condition to the right to practice medicine, that the practitioner shall not only be learned in the profession but have in addition thereto the qualifications of honor and good moral character.... The Legislature enacted that a practitioner of medicine who had been convicted of a felony in the courts of Florida may have his license revoked or annulled. The adjudication of his guilt of a felony thereby violating the criminal laws of Florida, rendered the medical practitioner a man of such character as to render it unsafe to trust the lives and the health of the citizens of Florida to his professional care.
140 Fla. at 543, 192 So. at 208. The court also cited the statement by the Washington Supreme Court:
"There is a wide distinction between the right which one, whether felon or free, has to hold his own property against the world, and deny even the state the right to take it from him without compensation therefor, and that other right to practice a profession which demands peculiar qualifications in order to protect the public, and requires a license. * * * One qualified in all respects has a right to a license, but one unqualified has no right whatever."
140 Fla. at 547, 192 So. at 210 (quoting State v. Hazzard, 139 Wash. 487, 491, 247 P. 957, 959-60 (1926)).
In Jones v. Board of Control, 131 So.2d 713, 717 (Fla. 1961), involving the validity of a rule prohibiting a University professor from seeking election to public office, the court observed: "... any right which an individual does have to work for the government or to continue in the public employ or to seek public office must necessarily be subject to all reasonable rules and regulations promulgated by the government in the interest of the public and for the well-being of the public services."
In Headley v. Baron, 228 So.2d 281 (Fla. 1969), involving dismissal of a police officer following his testimony before a grand jury regarding bribes, the court held that such a dismissal is not a "penalty or forfeiture" under the immunity statute, which contemplates penalties or forfeitures arising out of or resulting from a conviction for one of the five crimes named in the statute, i.e., criminal penalties or forfeitures. The court overruled prior cases interpreting the statute to immunize against revocation of architecture, liquor, and hotel licenses and quashed the district court's affirmance of the trial court's order that the officer be restored to his former position, noting that an individual has no constitutional right to be hired by the government, no "organic right to be a policeman." Id. at 284. In Walton v. Turlington, 444 So.2d 1082 (Fla. 1st DCA 1984), this court held that expungement of records of criminal prosecution pursuant to section 943.058, Florida Statutes (1981), places an individual in the same position as if he had never been charged, but that such expungement does not mean he may not be held responsible for his prior criminal actions in a noncriminal proceeding.
[5] The following authorities from other jurisdiction would appear to support the Commission's interpretation of the statute:

Hawker v. State of New York, 170 U.S. 189, 18 S.Ct. 573, 42 L.Ed. 1002 (1898), involved a statute which made it a misdemeanor offense for a person to practice medicine after conviction of a felony (no pardon was involved). The court considered the legislation to be a proper exercise of the police power defining the qualifications of those allowed to practice medicine, thereby protecting the public from physicians of bad character, not an imposition of additional penalty for the commission of a crime. The court found that the commission of crime has some relationship to the question of character, and that "it is within the power of a legislature to prescribe a rule of general application based upon a state of things which is ordinarily evidence of the ultimate fact to be established," notwithstanding that in some individual cases the results seem harsh. 170 U.S. at 197, 18 S.Ct. at 577, 42 L.Ed. at 1006.
State v. Hazzard, 139 Wash. 487, 247 P. 957 (1926), involved the question of whether a pardon has the effect of restoring to one convicted of a crime a license to practice "the art of healing". The court cited Hawker and other cases, and noted that a pardon "may relieve from the disability of fines and forfeitures attendant upon a conviction, but they cannot erase the stain of bad character, which has been definitely fixed." 139 Wash. at 491, 247 P.2d at 959.
State v. Irby, 190 Ark. 786, 81 S.W.2d 419 (1935), involved a county judge ousted from office because he had been convicted of embezzlement of public funds while a postmaster, but had later been pardoned. The court held that public office was a political privilege, not a civil right; that denial of the political privilege of holding office is not a part of the punishment imposed upon one convicted of embezzling funds, but a restriction aimed at safeguarding the welfare of the state; and that a pardon "irrevocably acknowledges a conviction of the crime pardoned and has the effect only of restoring civil rights as distinguished from political privileges." 190 Ark. at 797, 81 S.W.2d at 424.
Eberhart v. Robbins, 25 N.Y.S.2d 336 (1941), involved a police officer with a ten year unblemished record of employment who was dismissed when his prior conviction for forgery became known, even though he had been pardoned for the crime. Noting that hard cases make bad law, the court acknowledged its sympathy with the officer, but denied him relief, finding that the pardon "did not obliterate the fact of the conviction" and that he was therefor unable to negatively answer the question on his application, "Have you ever been complained of, arrested, indicted for, or committed for any violation of law?" 25 N.Y.S.2d at 338.
Hunter v. Port Authority of Allegheny County, 277 Pa.Super. 4, 419 A.2d 631 (1980), involved a bus driver who was denied public employment because of a prior conviction for aggravated assault and battery in a domestic dispute, even though he had received a pardon. Although the court reversed the lower court's dismissal of his complaint, it noted that a bar against the employment of convicted felons as police officers would probably be reasonable because "`a person who has committed a felony may be thought to lack the qualities of self-control or honesty that this sensitive job requires.'" 277 Pa.Super. at 17, 419 A.2d at 638 (quoting Upshaw v. McNamara, 435 F.2d 1188, 1190 (1st Cir.1970)).
[6] The parties were ordered to file supplemental briefs on the issue of whether the Commission's order must be reversed because sections 112.011(2)(a) and 943.13(4), Florida Statutes (1985), taken together, constitute an unconstitutional encroachment upon the pardon power conferred by article IV, section 8 of the Florida Constitution. The parties' supplemental briefs have added little to our analysis of this issue.
[1] Subsection (4) provides in part that the applicant shall "[n]ot have been convicted of any felony or of a misdemeanor involving perjury or a false statement... ."