SCHWARTZ, Chief Judge.
Notwithstanding that in 1975 he had been granted a full and unconditional pardon from a notorious first degree murder conviction suffered in the early 1960’s, the appellant Lee was discharged in July, 1986 from his position as a child care worker for the Department of Health & Rehabilitative Services. The basis of this action was section 110.1127(3)(a), Florida Statutes (as amended, effective July 1, 1985)[1] which provided for an automatic disqualification of convicted felons from HRS employment which involves working with children. By its terms, the statute made no reference to the effect of a pardon or, of equal or greater importance, to any possibility that the employee in question was otherwise qualified for his work. Based on his claim that as a prize winning HRS worker he was in fact fully able to serve, Lee brought this action in the circuit court for a declaratory judgment that the statute did not at all apply to pardoned felons, and that, if it did, it created an unjustifiable irrebuttable presumption of lack of qualification which rendered the provision contrary to the demands of due process. The court ruled against Lee on all counts and he appealed. We reverse.
In 1987, apparently because of the constitutional questions to which we have *365 referred, the legislature provided in section 110.1127(3)(b)l[2] for an exemption from disqualification because of certain felonies* upon a showing, as stated in subsection (3)(b)2, of “clear and convincing evidence to support a reasonable belief that the person is of good character as to justify an exemption ... [and] will not present a danger to the safety or well-being of children.”[3] The legislature went on to address the precise question before us in subsection (3)(c), which provides that
The disqualification from employment provided in paragraph (a) shall not be removed from any person found guilty of, regardless of adjudication, or having entered a plea of nolo contendere or guilty, to any felony covered by paragraph (a) solely by reason of any pardon, executive clemency, or restoration of civil rights, [e.s.]
Although these amendments became formally effective July 1,1987, after the judgment below, we agree with the parties that, because they concern Lee’s remedial rights to his employment, see 49 Fla.Jur.2d Statutes § 108 (1984) (remedial statutes applicable retrospectively), and because those rights are determinable as of the post-enactment date of the present appellate opinion, see Florida E. Coast Ry. v. Rouse, 194 So.2d 260 (Fla.1966), they are determinative of the present controversy.[4] Rouse.
In applying the new statute, we conclude that the “automatic” disqualification is removed pursuant to subsection (3)(c) when, as here, the pardoned felon relies not on the pardon alone but rather upon his good character and the lack of danger he presents to the children with whom he works, as well. In reaching this conclusion, we place emphasis upon the word “solely” which has been highlighted in our transcription of subsection (3)(c). The legislature explicitly provided that the disqualification would not be removed if the employee relied “solely” upon a pardon; the result must be to the contrary when, as Lee does, he relies also upon the ability to perform his tasks — which was supposedly the concern of the statute in the first instance. In this situation, the pardoned conviction would be considered only a single factor, not a dispositive one, in determining the employee’s qualification to serve. This reading of the statute is in accordance not only with its plain meaning, 49 Fla.Jur.2d Statutes § 121, but with the rules of interpretation that each statutory word must be given import and effect, 49 Fla.Jur.2d Statutes § 179, and, of vital importance here, that legislative language should be viewed so as to render the provision valid without reaching serious constitutional issues which might result in its being struck down. 49 Fla.Jur.2d Statutes § 113. Thus, our view of the amended provision renders it unnecessary to reach the serious questions — the acceptance of any one of which would likewise result in reversal — of whether, as the federal district court has *366 held, due process is offended by the general presumption of disqualification afforded to felony convictions per se, Fewquay v. Page, No. 86-2339-Civ. (S.D.Fla. Sept. 16, 1987), or by a refusal to afford effect to a pardon from such a conviction. See Calhoun v. Dep’t of Health & Rehabilitative Servs., 500 So.2d 674 (Fla.3d DCA 1987) (dictum). It also avoids grave separation of powers questions under the Florida constitution which would arise if a pardon, which may be granted only by the executive branch pursuant to Article IV, Section 8 of the Florida Constitution, may be disregarded by the legislature. See Sandlin v. Criminal Justice Standards and Training Comm’n, 518 So.2d 1292 (Fla. 1st DCA 1987) (Ervin, J., concurring and dissenting), review pending, (Fla. Case no. 71,104, filed Sept. 9,1987).[5]
We thus accept Lee’s position that his pardoned conviction does not absolutely disqualify him and that he would therefore be entitled to the hearing provided by section 110.1127(3)(b)2.[6] Ordinarily we would reverse only for the purpose of conducting that hearing. In this case, however, counsel for HRS forthrightly stated at oral argument that no such hearing would be necessary in the light of the demonstrated and conceded fact that Lee indeed meets the criteria of good character and lack of danger to children set out in the statute. Since we will not order a useless act, the judgment below is reversed with directions to enter a declaratory judgment that Lee is entitled to reinstatement forthwith with all back pay and benefits to which he may be entitled.
Reversed.

. Subsection (3)(a) states in relevant part:
(3)(a) Within the Department of Health and Rehabilitative Services, all positions in programs providing care to children or the developmentally disabled for 15 hours or more per week are deemed to be positions of special trust or responsibility, and a person shall be disqualified for employment in any such position by reason of:
1. Having been found guilty of, regardless of adjudication, or having entered a plea of nolo contendere or guilty to, any offense prohibited under any of the following provisions of the Florida Statutes or under any similar statute of another jurisdiction:
a. Section 782.04, relating to murder.

. Subsection (3)(b)l states in relevant part:
(b)l. For the following, the department may grant to any person an exemption from disqualification from working with children or the developmentally disabled:
a. Felonies, other than specified felonies, prohibited under any of the foregoing Florida Statutes cited in paragraph (a) or under similar statutes of other jurisdictions, committed more than 3 years previously. For the purposes of this sub-subparagraph, "specified felony” means those felonies in the Florida Statutes enumerated in sub-subparagraphs (a)l.a-

. Subsection (3)(b)2 states:
2. In order to grant an exemption to a person, the department must have clear and convincing evidence to support a reasonable belief that the person is of good character as to justify an exemption. The person shall bear the burden of setting forth sufficient evidence of rehabilitation, including, but not limited to, the circumstances surrounding the incident, the time period that has elapsed since the incident, the nature of the harm occasioned to the victim, and the history of the person since the incident, or such other circumstances that shall by the aforementioned standards indicate that the person will not present a danger to the safety or well-being of children. The decision of the department regarding an exemption may be contested through the hearing procedures set forth in chapter 120.

.HRS also correctly points out that the later enactment may be indicative of the legislative intent in enacting the original statute. Lowry v. Parole & Probation Comm’n, 473 So.2d 1248 (Fla.1985); State v. Lanier, 464 So.2d 1192 (Fla. 1985).

. There is also a disquieting indication in the legislative history that some consideration was given to gaining retribution against Lee personally which, if effective, might be deemed a bill of attainder prohibited by both the United States Constitution, Article I, Section 9 and the Florida Constitution, Article I, Section 10.

. Since this is the extent of the position asserted by the appellant, we go no further in disposing of the case. 3 Fla.Jur.2d Appellate Review § 281 (1978).