McDonald, justice.
A district court of appeal has certified the following question as being of great public importance:
Does a full pardon under chapter 940, Florida Statutes (1985), which restores the civil rights of a person convicted of a felony, relieve the pardoned person from the disqualification from certification as a law enforcement officer imposed by section 943.13(4), Florida Statutes (1985), *1345 on a person who has been convicted of any felony?
Sandlin v. Criminal Justice Standards & Training Commission, 518 So.2d 1292, 1297 (Fla. 1st DCA 1987). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. With the caveats that a pardoned felon must demonstrate rehabilitation and good moral character and fitness to the commission’s satisfaction and that the commission may decline to certify an applicant because of a character flaw as evidenced by the prior felony conviction, we answer the certified question in the affirmative and quash Sandlin.
In the early 1960s, and while still a very young man, Sandlin was convicted of robbery, escape, and assault. After being paroled in 1965, he received a full pardon from the governor in 1968. Sandlin is employed by the Jacksonville sheriffs office and, since 1971, has been a circuit court bailiff. In 1985 the sheriffs office asked the commission to certify Sandlin as a police officer. To support this request Sand-lin submitted numerous letters from judges and attorneys averring his fitness to be a law enforcement officer. In discussing Sandlin’s case various members of the commission noted Sandlin’s rehabilitation and his moral and general fitness and qualifications. Based on its interpretation of section 943.13, Florida Statutes (1985), and subsection 112.011(l)(b), Florida Statutes (1985), however, the commission refused the certification. The district court affirmed and certified the question set out above, stating that
the legislature does not intend to allow [a pardoned felon] to hold the sensitive position of law enforcement officer, or to give the Commission discretion to consider such a person for certification, notwithstanding his subsequent history. We hold that such a determination by the legislature is within its police power, and does not unconstitutionally impinge upon the executive’s clemency power.
518 So.2d at 1297.
Section 943.13 provides that any law enforcement officer shall:
(4) Not have been convicted of any felony or of a misdemeanor involving perjury or a false statement or have received a dishonorable or undesirable discharge from any of the Armed Forces of the United States. Any person who, after July 1,1981, pleads guilty or nolo conten-dere to or is found guilty of a felony or of a misdemeanor involving perjury or a false statement is not eligible for employment or appointment as an officer, notwithstanding suspension of sentence or withholding of adjudication.
Moreover, subsection 112.011(l)(b) provides:
A person whose civil rights have been restored shall not be disqualified to practice, pursue, or engage in any occupation, trade, vocation, profession, or business for which a license, permit, or certificate is required to be issued by the state, any of its agencies or political subdivisions, or any municipality solely because of a prior conviction for a crime. However, a person who has had his civil rights restored may be denied a license, permit, or certification to pursue practice, or engage in an occupation, trade, vocation, profession, or business by reason of the prior conviction for a crime if the crime was a felony or first degree misdemean- or and directly related to the specific occupation, trade, vocation, profession, or business for which the license, permit, or certificate is sought.
Sandlin argues that these statutes are an unconstitutional legislative incursion into the executive’s power over pardons and that they should either be struck down or else be interpreted so that an unconstitutional result does not occur.
A pardon is an act of grace, and the pardoning power is a function exclusive to the executive, derived from the state constitution. Art. IV, § 8(a), Fla. Const.; Sullivan v. Askew, 348 So.2d 312 (Fla.), cert. denied, 434 U.S. 878, 98 S.Ct. 232, 54 L.Ed.2d 159 (1977); In re Advisory Opinion of the Governor, 334 So.2d 561 (Fla.1976); Singleton v. State, 38 Fla. 297, 21 So. 21 (1896). A full pardon removes all disabilities resulting from a crime. In re *1346 Florida Board of Bar Examiners, 183 So. 2d 688 (Fla.1966); Page v. Watson, 140 Fla. 536, 192 So. 205 (1938); Singleton v. State. Neither the legislature nor the judiciary-may infringe upon the executive’s authority to grant pardons. E.g., In re Advisory Opinion (the administrative procedures act is not applicable to clemency proceedings); Fields v. State, 85 So.2d 609 (Fla.1956) (fully and unconditionally pardoned felony conviction cannot be used as a prior conviction under the habitual offender statute); Singleton (legislature does not have power to grant a pardon). Persons seeking to practice certain professions or employments, however, can be required to demonstrate their good moral character, even though they may have been fully pardoned for previous crimes. E.g., Page v. Watson; In re Bar Examiners; Lee v. Department of Health & Rehabilitative Services, 518 So.2d 364 (Fla.3d DCA 1987). See also Calhoun v. Department of Health & Rehabilitative Services, 500 So.2d 674 (Fla. 3d DCA 1987).
Subsection 943.13(7) provides, as one of the minimum requirements for becoming a law enforcement officer, that an applicant must have a “good moral character as determined by a background investigation.” The prohibition against certifying pardoned felons (subsection 943.13(4)) has been applied absolutely, creating a nonre-buttable presumption that pardoned felons are not of good character. Sandlin. See also 1970 Op.Att’y Gen.Fla. 070-157 (Oct. 30, 1970). This legislative disqualification, as interpreted by the commission and the district court, diminishes the effect of a pardon and imposes a legal disability. Such literal reading of subsection 943.13(4) creates a head-on confrontation between the legislature’s power to enact laws to protect the public and the executive’s power to pardon convicted felons. Contrary to the district court, we do not find that this statute should be held to override the executive’s pardon power.
The legislature will be presumed to have intended a constitutional result. Marsh v. Garwood, 65 So.2d 15 (Fla.1953). Moreover, courts will avoid declaring a statute unconstitutional if such statute can be fairly construed in a constitutional manner. Industrial Fire & Casualty Insurance Co. v. Kwechin, 447 So.2d 1337 (Fla.1983). Such a construction is possible in this case.
We thus approach the question of whether or not section 943.13 and the concept of pardons can coexist. We believe they can, but in doing so we must select one of contrary views on the effect of a pardon on an eligibility statute for employment.
Crucial to the determination whether a pardon will restore eligibility to hold a particular office is the view that the court takes as to the general effect of a pardon. Thus, some courts have taken the view that the pardon eliminates both the punishment resulting from the conviction and any moral guilt or blame which may have accompanied the commission of the crime. Under this view, it would appear that a pardon would restore eligibility for public office. On the other hand, it has been said that while the pardon removes the punishment resulting from the conviction, it does not remove the moral guilt resulting from the commission of the crime; under this view, if a disqualification to hold public office is based merely upon a conviction of a crime, the pardon restores the one pardoned to eligibility for the office, although he is not restored to eligibility where character is a qualification for the office. In considering the eligibility of a pardoned person for public office, other courts have concluded that the pardon eliminates neither the fact of conviction nor the moral guilt accompanying the conviction. Such a view would appear to lead to the conclusion that the pardon does not restore eligibility.
Annotation, Eligibility for Public Office After Pardon, 58 A.L.R.3d 1191, 1195 (1974) (footnotes omitted).
In Page v. Watson this Court adopted the middle ground, i.e., that a pardon removes punishment, but not moral guilt. 140 Fla. at 543-49, 192 So. at 208-10. Massachusetts also adopted this view in Commissioner of Metropolitan District *1347 Commission v. Director of Civil Service, 348 Mass. 184, 203 N.E.2d 95 (1964), which is factually similar to this case. The Massachusetts court stated:
[W]e think that the absolute disqualification or ineligibility, imposed by such a statute, is to be regarded as removed by a full pardon, so that the pardoned person (1) may apply for appointment to the office for which he was formerly disqualified, and (2) may hold that office if he is able to sustain the heavy burden of satisfying the electorate or an appointing authority of his good character and suitability at the time of seeking office. We think also that, in considering such a pardoned applicant’s qualifications and suitability, the events underlying the pardoned conviction may be and should be evaluated, and relied upon reasonably, by the proper public body or authority.
Id. at 196, 203 N.E.2d at 103. See also Slater v. Olson, 230 Iowa 1005, 299 N.W. 879 (1941). The court continued and held that, although the applicant had ceased to be ineligible under the statute, it was open, and remained open, for the commission to refuse to appoint him as a police officer because of the serious character of the criminal conduct underlying his conviction. We approve this reasoning and find that it should be applied in Florida. It is imperative that law enforcement officers be of good character. Thus, it is entirely appropriate and necessary to review closely a pardoned felon’s character.
Therefore, we answer the certified question in the affirmative and conclude, as did the Supreme Court of Massachusetts, that the commission has the broad discretion to certify Sandlin for appointment as a law enforcement officer, but may refuse to do so if it deems him to be of bad character, a poor moral risk, or an otherwise unfit appointee. In determining whether to certify Sandlin the commission may take into account and rely upon the facts of Sandlin’s pardoned convictions and may give weight to the general policy expressed in section 943.13. We direct the district court to instruct the commission to reconsider Sandlin’s request for certification consistent with this opinion.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW, BARKETT and GRIMES, JJ., concur.
KOGAN, J., concurs in result only.