OVERTON, Justice,
concurring in part, dissenting in part.
I concur in parts I and II; however, I must dissent from the majority’s holding in part III. While I agree that section 390.-001(4)(a), Florida Statutes (Supp.1988), is unconstitutional as it was interpreted and applied by the trial court, I would not declare the statute unconstitutional vel non but would interpret the statute so that it can be applied in accordance with the principles set forth by the United States Supreme Court in Bellotti v. Baird, 443 U.S. 622, 99 S.Ct. 3035, 61 L.Ed.2d 797 (1979). In that decision, the United States Supreme Court approved this type of statute and stated: “[T]he [judicial alternative] procedure must ensure that the provision requiring parental consent does not in fact amount to the ‘absolute, and possibly arbitrary, veto’ that was found impermissible in Danforth,” id. at 644, 99 S.Ct. at 3048 (citation omitted), but must “provide an effective opportunity for an abortion to be obtained.” Id.
As explained by Justice McDonald in his concurring and dissenting opinion, a minor has the disability of nonage, including the inability to contract. The legislature has the power to set forth certain instances where the disability is removed. See ch. 743, Fla.Stat. (1987). Our right of privacy provision contained in article I, section 23, of the Florida Constitution, did not absolutely remove a minor’s disability of nonage for obtaining an abortion or any other medical procedure, and those parts of the majority opinion in which I have concurred did not, in my view, so hold. The right of privacy provision, adopted by the people of this state in 1980, effectively codified within the Florida Constitution the principles of Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), as it existed in 1980. As illustrated by the multiple United States Supreme Court cases construing state statutes relating to parental consent, the principles of Roe did not remove the disability of nonage for a minor to have an abortion. See Planned Parenthood Ass’n v. Ashcroft, 462 U.S. 476, 103 S.Ct. 2517, 76 L.Ed.2d 733 (1983); City of Akron v. Akron Center for Reproductive Health, Inc., 462 U.S. 416, 103 S.Ct. 2481, 76 L.Ed.2d 687 (1983); Bellotti; Planned Parenthood v. Danforth, 428 U.S. 52, 96 S.Ct. 2831, 49 L.Ed.2d 788 (1976).
Section 390.001(4)(a) can easily be construed to be within the principles set forth in these cases. By doing so, the statute can be an assistance — not a hindrance — to a minor seeking an abortion. Further, such a statute recognizes parents’ basic responsibilities and obligations with regard to their minor children. Their obligations go not only to whether or not a child should have a particular type of medical procedure, but also to what medical facility and personnel should be utilized to perform the procedure.
We have a duty to construe this statute as constitutional if at all possible. We have consistently stated that
[t]his court is committed to the fundamental principle that it has the duty if reasonably possible, and consistent with constitutional rights, to resolve doubts as to the validity of a statute in favor of its constitutional validity and to construe a statute, if reasonably possible, in such a manner as to support its constitutionali *1202 ty — to adopt a reasonable interpretation of a statute which removes it farthest from constitutional infirmity.
Corn v. State, 332 So.2d 4, 8 (Fla.1976) (footnote omitted, emphasis added). Stated another way, we have a responsibility to “avoid declaring a statute unconstitutional if such statute can be fairly construed in a constitutional manner.” Sandlin v. Criminal Justice Standards & Training Comm’n, 531 So.2d 1344, 1346 (Fla.1988) (citation omitted). See also Vildibill v. Johnson, 492 So.2d 1047 (Fla.1986); Industrial Fire & Casualty Ins. Co. v. Kwechin, 447 So.2d 1337 (Fla.1983); Department of Ins. v. Southeast Volusia Hosp. Dist., 438 So.2d 815 (Fla.1983), appeal dismissed, 466 U.S. 901, 104 S.Ct. 1673, 80 L.Ed.2d 149 (1984); Miami Dolphins, Ltd. v. Metropolitan Dade County, 394 So.2d 981 (Fla. 1981); State v. Keaton, 371 So.2d 86 (Fla. 1979); State v. Aiuppa, 298 So.2d 391 (Fla. 1974). Applying this principle of statutory interpretation, the Court would not be changing the intent of the legislature in this case because “[t]he legislature will be presumed to have intended a constitutional result.” Sandlin, 531 So.2d at 1346 (citing Marsh v. Garwood, 65 So.2d 15 (Fla.1953)).
As previously noted, the United States Supreme Court had clearly established the principles by which the constitutionality of this type of parental consent legislation must be judged before the legislature enacted section 390.001(4)(a). I believe that the legislature intended this statute to be constitutional within those principles. I find that the statute can be interpreted to ensure that parental consent does not amount to an absolute veto and this Court can adopt procedures to provide minors with effective opportunities to obtain abortions. Further, I conclude that the majority has abdicated its responsibility by not so construing the statute, thus leaving the legislature with the problem of redrafting a constitutional statute.
For the reasons expressed, I disagree with the majority’s reasoning in part III and the result which declares the statute unconstitutional.
GRIMES, J., concurs.