PER CURIAM.
Eugene Wilner appeals the per se denial by the Department of Business Regulation, Division of Alcoholic Beverages and Tobacco (Department) of his application for an alcoholic beverage license. This denial was based on a prior felony conviction although his civil rights lost on conviction were restored prior to submitting his application. He contends that the Department erred as a matter of law by denying his application solely because of his prior felony conviction. We agree with his contention and reverse and remand with directions.
We find Sandlin v. Criminal Justice Standards & Training Commission, 531 So.2d 1344 (Fla.1988), to be instructive. In Sandlin, the supreme court affirmatively answered this court’s certified question as to whether a full pardon restoring an applicant’s civil rights relieved him from automatic disqualification from certification as a law enforcement officer. Adopting the same reasoning as expressed by the supreme court in Sandlin, we hold in the instant case that the Department has the broad discretion to license Wilner to sell alcoholic beverages, but may refuse to do so if it deems him to be of bad character, a poor moral risk, or otherwise unfit. Sandlin 531 So.2d at 1347. We hold that Wil-ner’s prior conviction is not an absolute bar or per se disqualification from consideration for an alcoholic beverage license since his civil rights have been restored pursuant to constitutional executive clemency powers. At the same time, however, the department may take into account and rely upon the circumstances surrounding his prior conviction and may give weight to the general policy expressed in section 561.15, Florida Statutes (1985).
Therefore, we reverse and remand with directions to the Department to reconsider appellant’s application for a license in light of this opinion.
SMITH, THOMPSON and MINER, JJ., concur.